IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS STATE BOARD OF DENTAL EXAMINERS | § § | |
| *Plaintiff*, | § | CIVIL ACTION |
| | § | NO. 3:24-cv-00528 |
| v. | § | |
| | § | |
| JOHN DOE, DDS | § | |
| *Defendant.* | § | |

### PETITION AND APPLICATION FOR COURT ORDER AUTHORIZING DISCLOSURE OF PATIENT SUBSTANCE USE DISORDER RECORDS

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, the Texas State Board of Dental Examiners, seeks an order authorizing limited disclosure of John Doe, DDS's substance use disorder records related to his diagnosis, prognosis, and compliance or noncompliance with the treatment recommendations of his providers pursuant to 42 U.S.C.A. § 290dd-2(b)(2)(C) for use in a contested case before the State Office of Administrative Hearings to determine whether his addiction to or habitually intemperate use of drugs makes him "incapable of practicing in a manner that is safe for his dental patients." Tex. Occ. Code § 263.0025; 263.002(7), (11). In support thereof, the Board shows as follows:

### CLAIM FOR RELIEF

#### JURISDICTION

1. Per 28 U.S.C. § 1331, this Court has federal jurisdiction over federal questions presented which related to 42 U.S.C.A. § 290dd-2.

2. Per 28 U.S.C. § 1367 this Court has jurisdiction and venue to decide not only the federal question involved but also any other questions – whether federal or state in nature – that must be resolved in order to decide this claim.

## PARTIES

1.       Plaintiff, the Texas State Board of Dental Examiners ("TSBDE"), is an agency of the State of Texas with its headquarters in Austin, Travis County, Texas.

2.       Defendant, John Doe, DDS, is a licensed dentist practicing in Texas.[1] John Doe, DDS may be served through his attorney, Fread Houston, at 7901 Cameron Rd., Ste. 3-350, Austin, Texas 78754.

3.       Nonparty, Enterhealth Properties, LLC d/b/a Enterhealth Ranch and Enterhealth Outpatient, LLC d/b/a Enterhealth Outpatient Center of Excellence (collectively "Enterhealth") operates the facilities where the records at issue are kept. Enterhealth may be served through its attorney, Rudy Beuttenmuller, at 5335 Spring Valley Road, Dallas, Texas 75254-3009.

## VENUE

1.       The Defendant's address of record with the Board is located in Dallas County, Texas. Accordingly, Defendant is believed to reside and/or practice in Dallas County, Texas. Thus, venue is proper in the Northern District of Texas because Defendant resides and/or a substantial part of the events giving rise to the claim occurred in Dallas County, Texas.

## FACTS

1.       The Texas State Board of Dental Examiners (Board) is a state agency charged with ensuring compliance with state laws relating to the practice of dentistry to protect the health and safety of the public. Tex. Occ. Code § 254.001(a)(2).

---

[1] An application must use a fictitious name, such as John Doe, to refer to any patient and may not contain or otherwise disclose any patient identifying information unless the patient is the applicant or has given written consent (meeting the requirements of the regulations in this part) to disclosure or the court has ordered the record of the proceeding sealed from public scrutiny. 42 C.F.R. § 2.64(a).

2.      The Board may take disciplinary action against a licensee who is addicted to drugs or who is incapable of practicing in a manner that is safe for the person's dental patients. Tex. Occ. Code § 263.002(a)(7), (11).

3.      On or about June 24, 2021, John Doe, DDS sought treatment for his substance use disorder from Enterhealth Intensive Residential facility.

4.      On or about August 8, 2021, John Doe, DDS sought treatment for his substance use disorder from Enterhealth Intensive Outpatient Program.

5.      On or about September 22, 2021, John Doe, DDS signed a contract with the Texas State Board of Dental Examiners' peer assistance program, the Professional Recovery Network (PRN).

6.      On or about October 13, 2021, John Doe, DDS ceased participation in PRN.

7.      On or about October 15, 2021 PRN reported John Doe, DDS to the Board as someone the program knew to be an impaired professional and included relevant information regarding his impairment to the Board pursuant to Tex. Health and Safety Code § 467.005(c).

8.      As of this filing, John Doe, DDS has not voluntarily consented to the release of his substance use disorder records, nor has he submitted to the Board's request that he undergo a mental and physical evaluation pursuant to Tex. Occ. Code § 263.0025.

9.      As of this filing, John Doe, DDS' license to practice dentistry remains in effect.

### APPLICABLE LAW

1.      Any person having a legally recognized interest in the disclosure of substance use disorder records may apply for an order as part of a pending civil action or separately. 42 C.F.R.

§ 2.64(a). "An order of a court of competent jurisdiction[2] entered under this subpart is a unique kind of court order. Its only purpose is to authorize a disclosure or use of patient information which would otherwise be prohibited by 42 U.S.C. 290dd–2." 42 C.F.R. § 2.61(a).

2.    Pursuant to the Public Health Service Act:

> Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance use disorder education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e), be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b).

42 U.S.C.A. § 290dd-2(a) (West 2020).

2.    Subsection (b) of 42 U.S.C.A. § 290dd-2 permits disclosure of substance use disorder records with "the prior written consent of the patient" or "[i]f authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause." 42 U.S.C.A. § 290dd-2(b)(1)(A), (2)(C).

3.    "In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services." *Id*.

4.    Subsection (g) of 42 U.S.C.A. § 290dd-2, directs the Secretary to "prescribe regulations to carry out the purposes of this section . . . including procedures and criteria for the issuance and scope of orders under subsection (b)(2)(C)." 42 U.S.C.A. § 290dd–2(g).

5.    These regulations state in pertinent part that "[a]n order under this section may be entered only if the court determines that. . . (1) [o]ther ways of obtaining the information are not

---

[2] The State Office of Administrative Hearings is not a court of competent jurisdiction, it is not authorized to issue an order despite its authority to hear the underlying contested case. *Ex parte Trial,* 03-96-00373, 1997 WL 23064, at *1 n.2 (Tex. App.–Austin Jan. 23, 1997, no writ) (per curiam); Tex. Occ. Code § 263.004(c).

available or would not be effective; and (2) [t]he public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services." 42 C.F.R. § 2.64(d).

ARGUMENT

**A.    OTHER WAYS OF OBTAINING THE INFORMATION ARE NOT AVAILABLE OR WOULD NOT BE EFFECTIVE.**

1.      Under 42 U.S.C.A. § 290dd-2(b) the Board may obtain records by either the patient's consent or a court order.

2.      John Doe, DDS has not agreed to disclose any part of his substance use disorder records to the Board, nor has he submitted to the Board's request that he undergo an evaluation to determine whether his addiction to or habitually intemperate use of drugs makes him "incapable of practicing in a manner that is safe for his dental patients." Tex. Occ. Code § 263.0025; 263.002(7), (11).

3.      John Doe, DDS's diagnosis, prognosis, and compliance or noncompliance with his treatment recommendations of his providers can only be established through his substance use disorder records which provide the most recent, thorough, and clinical record of John Doe, DDS's substance use and treatment.

4.      While people familiar with John Doe, DDS personally, including his family or his employees, may be able to testify generally about his history of substance use, they lack the specialized knowledge of addiction medicine necessary to assist the trier of fact in determining whether John Doe, DDS is fit to practice dentistry that the medical providers who diagnosed, treated and opined in the substance use records of John Doe, DDS possess.

5.      Although case law interpreting 42 U.S.C.A. § 290dd-2 is limited in general, and even more limited as it relates to licensed healthcare providers, in *State Board of Medical*

*Examiners v. Fenwick Hall* the court found that "[i]nformation drawn by casual observations of the Doctor would not be an acceptable equivalent to the information the Board could obtain from the Doctor's records." *St. Bd. of Med. Exam'rs v. Fenwick Hall, Inc.* 308 S.C. 477, 480, 419 S.E.2d 222 (1992).

6.      Similarly, in *United States v. Hopper,* 440 F. Supp. 1208 (N.D.Ill.1977), when the government sought the medical records of a defendant participating in a drug abuse program, the court held that "[t]he question which concerns this court is the scope of Mr. Hopper's alleged heroin use. Only the Northwestern tests provide a continuous record of his drug activities . . . The only practicable way to obtain information as to the scope of Mr. Hopper's drug abuse is to order disclosure of the Northwestern records." *Fenwick Hall, Inc.* at 479-480 (citing *U.S. v. Hopper,* 440 F. Supp. 1208, 1211 (N.D.Ill.1977)).

7.      Accordingly, there is no way to obtain the necessary information other than by a limited disclosure of the diagnosis, prognosis, and compliance or noncompliance with the treatment recommendations of John Doe, DDS's providers, which are in the substance use disorder records of John Doe, DDS.

**B.   THE PUBLIC INTEREST AND NEED FOR THE DISCLOSURE OUTWEIGH THE POTENTIAL INJURY TO THE PATIENT, THE PHYSICIAN-PATIENT RELATIONSHIP, AND THE TREATMENT SERVICES.**

1.      The Texarkana Court of Appeals in *In re K.C.P.* opined that the good cause requirement "is essentially a balancing test." *In re K.C.P.*, 142 S.W.3d 574, 584 (Tex. App—Texarkana, 2004). *In re K.C.P.,* a mother with a history of drug abuse was appealing the termination of her parental rights. *Id.* at 577-78. While parental rights and the right to practice dentistry are not identical, both involve protecting the health and safety of someone entrusted to the individual's care. The Texarkana Court of Appeals went on to state that "[t]he court is to balance the right to rely on confidentiality on the part of the parent against the needs of the children,

and the potential dangers to them, in light of the public policies designed to protect children." *Id*. at 584. "One of the multitude of reasons that may justify termination of parental rights includes the parent's use of a controlled substance in a manner that endangered the health or safety of the child, combined with a failure to complete a substance abuse treatment program." *Id*. at 585. Here, as in *In re K.C.P.*, the Board asks the Court to balance John Doe, DDS's need for confidentially with the public policies designed to protect the health and safety of his patients, which includes the public policy of refusing to issue, revoking or suspending a license to practice dentistry of someone who is habitually intoxicated or addicted to drugs or physically or mentally incapable of practicing in a manner that is safe for the person's dental patients. Tex. Occ. Code §§ 263.001(a)(3); 263.002(a)(7), (11).

2.      Dentistry includes, but is not limited to, providing surgical and adjunctive treatment for a disease, pain, injury, deficiency, deformity, or physical condition of the human teeth, oral cavity, alveolar process, gums, or jaws; and inducing, administering, prescribing, or dispensing anesthesia, anesthetic drugs, and medicine. Tex. Occ. Code § 251.003.

3.      Texas has recognized the threat to life that impaired providers pose to their patients by making habitual intoxication or addiction to drugs a ground for refusing to issue a license to practice dentistry or to revoke or suspend a person's license to practice dentistry. Tex. Occ. Code §§ 263.001(a)(3); 263.002(a)(7), (11).

4.      In weighing the public interest in disclosure against the doctor's interest, the Supreme Court of South Carolina held that "it is virtually impossible to conceive of a situation which would pose a greater threat to life or serious bodily harm than a physician practicing under the influence of drugs." *St. Bd. of Med. Exam'rs v. Fenwick Hall, Inc.* 308 S.C. 477, 480 (1992).

5.      Additionally, the Board has limited its request to records showing John Doe, DDS's diagnosis, prognosis, and compliance or noncompliance with the treatment recommendations of his providers. This is in keeping with an opinion from the Beaumont Court of Appeals, which held "[w]e do not believe the records ordered produced concerning what relator told his treaters or containing references to third parties should be disclosed. These communications are at the heart of what the privileges are intended to protect and encourage . . . To the issue in litigation, the communications are of less significance than the ultimate diagnosis from the facility and the current treatment status." *In re A.*, No. 09-06-471CV, 2006 WL 3823946, *4 (Tex. App.—Beaumont, Dec. 28, 2006). Thus, the Board does not seek confidential communications relating to what John Doe, DDS may have told his treatment providers, but only those records that will help the Board determine whether John Doe, DDS may continue to practice safely. 42 C.F.R. § 2.63.

6.      The potential injury to John Doe, DDS from the limited disclosure of his substance use disorder records is further reduced by federal regulations, state laws and the State Office of Administrative Hearing's procedural rules that effectively limit disclosure of the records to persons who are already aware of his substance use disorder. Specifically, 42 C.F.R. § 2.64(c) requires that "[a]ny oral argument, review of evidence, or hearing on the application must be held in the judge's chambers." 42 C.F.R. § 2.64(c). Likewise, 42 C.F.R. § 2.64(e)(1) requires an order authorizing a disclosure to "(1) [l]imit disclosure to those parts of the patient's record which are essential to fulfill the objective of the order; (2) [l]imit disclosure to those persons whose need for information is the basis for the order; and (3) [i]nclude such other measures as are necessary to limit disclosure." 42 C.F.R. § 2.64(e)(1). Additionally, Section 254.0065 of the Texas Occupations Code prohibits disclosure of a licensee's participation in a peer assistance program, such as PRN, and the nature of the impairment or condition that results in Board action. Tex. Occ. Code § 254.0065(b), (c).

Accordingly, any discipline to John Doe, DDS's license as a result of the contested case hearing will not provide any indication of the nature of the impairment or condition that results in board action. *Id.* Finally, the State Office of Administrative Hearings Rules of Procedure allow for certain contested case proceedings to be closed to the public if necessary to comply with confidentiality laws and for documents filed in those proceedings to be filed confidentially. 1 Tex. Admin. Code § 155.103(b).

7.      In *Fenwick Hall*, the court concluded that "the public interest and need for disclosure is great" and that "[t]he potential harm to the physician, the physician-patient relationship, and the treatment services does not outweigh the need for disclosure where the patient is practicing medicine and . . .  [t]he records are essential to the Board's. . . determination of the Doctor's fitness to practice medicine." *Fenwick Hall, Inc.*, at 480–81. Here, like in *Fenwick Hall*, the records are essential to the determination of John Doe, DDS's fitness to practice dentistry and outweigh any potential harm to John Doe, DDS. Therefore, the Board asks the Court to Order limited disclosure of records related to John Doe, DDS's substance use disorder.

#### DEMAND FOR RELIEF SOUGHT

Having shown good cause by demonstrating that other ways of obtaining the information are not available or would not be effective; and the public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services in the paragraphs above, the Board is entitled to relief under 42 U.S.C.A. § 290dd-2(b)(2)(C). Accordingly the Board seeks a court order authorizing the disclosure of John Doe, DDS's substance use disorder records that refer or relate to John Doe, DDS's diagnosis, prognosis, and compliance or noncompliance with the treatment recommendations of John Doe, DDS's providers held by Enterhealth Intensive Residential Facility and Enterhealth Intensive Outpatient

Program and testimony[3] relaying the information contained therein along with any other measures

the Court deems necessary to ensure John Doe, DDS's privacy. 42 C.F.R. § 2.64(e)(1). The Board

seeks any other relief to which it may be entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

/s/ *Helen Kelley*
HELEN KELLEY
Assistant Attorney General
Texas State Bar No. 24086520
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
ADMINISTRATIVE LAW DIVISION
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4136
Facsimile: (512) 320-0167
Helen.Kelley@oag.texas.gov

ATTORNEYS FOR PLAINTIFF

---

[3] "A record referred to in subsection (a), *or testimony relaying the information contained therein*, may not be disclosed" unless authorized by a court order under subsection (b)(2)(C). 42 U.S.C.A. § 290dd-2(c) (emphasis added).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, has been served on March 6, 2024, on the following attorney-in-charge, by e-service and/or e-mail:

Fread Houston
Fread.Houston@Loofh.Com
7901 Cameron Rd., Ste. 3-350
Austin, Texas 78754
T. (512) 855-7710
F. (512) 855- 7710

ATTORNEY FOR JOHN DOE, DDS

Rudy Beuttenmuller, Attorney
rudybeutt@tcblawfirm.com
5335 Spring Valley Road
Dallas, Texas 75254-3009
T. (972) 991-2121
F. (972) 991-3220

ATTORNEY FOR ENTERHEALTH PROPERTIES, LLC
D/B/A ENTERHEALTH RANCH, AND
ENTERHEALTH OUTPATIENT, LLC
D/B/A ENTERHEALTH OUTPATIENT
CENTER OF EXCELLENCE

/s/*Helen Kelley*
HELEN KELLEY
Assistant Attorney General