IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS STATE BOARD OF § <br> DENTAL EXAMINERS § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> JOHN DOE, DDS § <br> *Defendant*. § | | CIVIL ACTION <br> NO. 3:24-cv-00528 |

**RESPONSE TO SUBJECT MATTER JURISDICTION SHOW CAUSE ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff's pleadings invoke federal-question subject-matter jurisdiction. Contrary to the incorrect facts cited in the Show Cause Order, Plaintiff pleaded that the Court possess subject-matter jurisdiction under 28 U.S.C. § 1331, **not** 18 U.S.C. § 1331. *Compare* Petition, *with* Order to Show Cause. Additionally, Plaintiff pleaded that the federal law in question is 42 U.S.C.A. § 290dd-2, originally enacted under the Drug Abuse Office and Treatment Act of 1972 and most recently amended by the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020, **not** the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *Id.* Accordingly, *Acara v. Banks*, in which Appellant Acara claimed subject matter jurisdiction based entirely upon an alleged violation of HIPPA is not applicable. *See Acara v. Banks*, 470 F.3d 569, 570–72 (5th Cir. 2006).

Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint. *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The well-pleaded-complaint rule confines the search for federal-question jurisdiction to the face of the complaint. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). A case arises under federal law if a well-pleaded complaint establishes that either (1) federal law creates the cause of action *or* (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006); *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008); *see Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). To determine whether it has federal-question jurisdiction, the court must consider the degree to which federal law is at the forefront of the case—not collateral, peripheral, or remote. *See Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 813–14 & n.11 (1986); *Howery v. Allstate Ins.*, 243 F.3d 912, 917 (5th Cir. 2001). In *Singh v. Duane Morris LLP*, the Fifth Circuit held that federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and

state judicial responsibilities. *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). As shown, below, federal question jurisdiction exists in this case.

First, the regulations implemented under 42 U.S.C. 290dd–2 provide that *any person* having a legally recognized interest in the disclosure of substance use disorder records may apply for an order as part of a pending civil action *or separately*. 42 C.F.R. § 2.64(a). Thus, unlike HIPPA, a federal cause of action exists here.

Additionally, "*[a]n order of a court of competent jurisdiction[1] entered under this subpart is a unique kind of court order. Its only purpose is to authorize a disclosure or use of patient information which would otherwise be prohibited by 42 U.S.C. 290dd–2.*" 42 C.F.R. § 2.61(a). Thus, the only disputed question at issue in this case is whether disclosure is authorized under federal law, and the issue must be resolved before the Plaintiff may seek relief in a state administrative proceeding against John Doe's license to practice dentistry. Accordingly, federal jurisdiction over this limited matter will not disturb the balance of federal and state judicial responsibilities. Finally, the federal government has expressed a substantial interest in this issue by ensuring that personally identifiable health information relating to

---

[1] The State Office of Administrative Hearings is not a court of competent jurisdiction and so is not authorized to issue an order despite its authority to hear the underlying contested case regarding John Doe's fitness to practice. *Ex parte Trial,* 03-96-00373, 1997 WL 23064, at *1 n.2 (Tex. App.–Austin Jan. 23, 1997, no writ) (per curiam); Tex. Occ. Code § 263.004(c).

substance use and alcohol treatment must be handled with a higher degree of confidentiality than other medical information under the confidentiality provisions at issue in this case. Substance Abuse and Mental Health Services Administration, Medications for Substance Use Disorders: Medications and Patient Rights (last visited April 12, 2024), https://www.samhsa.gov/medications-substance-use-disorders.

    For the reasons stated above, this case should not be dismissed for lack of subject-matter jurisdiction.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

/*Helen Kelley*
HELEN KELLEY
Assistant Attorney General
Texas State Bar No. 24086520
OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
ADMINISTRATIVE LAW DIVISION
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4136
Facsimile: (512) 320-0167
Helen.Kelley@oag.texas.gov

ATTORNEYS FOR PLAINTIFF

## Certificate of Service

      I hereby certify that a true and correct copy of the foregoing, has been served on April 12, 2024, on the following attorney-in-charge, by e-service and/or e-mail:

Fread Houston
Fread.Houston@Loofh.Com
7901 Cameron Rd., Ste. 3-350
Austin, Texas 78754
T. (512) 855-7710
F. (512) 855- 7710

ATTORNEY FOR JOHN DOE, DDS

Rudy Beuttenmuller, Attorney
rudybeutt@tcblawfirm.com
5335 Spring Valley Road
Dallas, Texas 75254-3009
T. (972) 991-2121
F. (972) 991-3220

ATTORNEY FOR ENTERHEALTH PROPERTIES, LLC
D/B/A ENTERHEALTH RANCH, AND
ENTERHEALTH OUTPATIENT, LLC
D/B/A ENTERHEALTH OUTPATIENT
CENTER OF EXCELLENCE

                                            /s/*Helen Kelley*
                                            HELEN KELLEY
                                            Assistant Attorney General