## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **TEXAS STATE BOARD OF DENTAL EXAMINERS** | § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-cv-00528-B |
| **JOHN DOE, DDS** | § § | |
| *Defendant.* | § | |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Defendant John Doe and files this Original Answer to the complaint and application for Court order authorizing disclosure of patient substance use disorder records. Defendant generally denies the Texas State Board of Dental Examiners ("TSBDE") pleading or alternatively lacks sufficient knowledge or information about the allegations set forth by the TSBDE to specifically answer. As an affirmative defense, the Defendant Doe alleges duress and illegality by the TSBDE and/or one or more persons or entities acting in concert with the TSBDE to violate Section 408 of the federal Drug Abuse Prevention, Treatment and Rehabilitation Act of 1972, codified as 42 U.S.C. 290dd-2 (the "1972 Drug Abuse Prevention Act"); and its implementing federal regulations under 42 C.F.R. Part 2 ("Part 2"). The TSBDE and associated persons and/or entities violated Defendant John Doe's rights under federal law. The Respondent would show the following:

I.

**GENERAL DENIAL**

Defendant John Doe, DDS generally denies the allegations in Plaintiff TSBDE's complaint. Alternatively, Defendant John Doe, DDS lacks sufficient information to form a belief about the truth of Plaintiff TSBDE's allegations in its complaint.

II.

**AFFIRMATIVE DEFENSES: ILLEGALITY AND DURESS**

Defendant John Doe, DDS asserts the affirmative defenses of illegality and duress against the Plaintiff TSBDE and the allegations in its complaint.

Respondent John Doe, DDS is a licensed Texas dentist who practiced dentistry for over 45 years with no prior disciplinary action or any prior known patient complaints to the TSBDE. In or about the month of October 2021, the Executive Committee of the TSBDE temporarily suspended Dr. Doe's dental license based upon a request from the TSBDE's Staff.[1] Documents later provided by TSBDE Staff in the form of a proposed confidential administrative hearing exhibit demonstrated that the justification for the SBDE's temporary suspension, and its case against Dr. Doe was based upon unauthorized and federally protected confidential information that the TSBDE illegally received from its contract peer assistance program, the Professional Recovery Network (PRN) and PRN Social Worker Will Turney, LMSW, via Enterhealth Properties, LLC dba Enterhealth Ranch and Enterhealth Outpatient, LLC dba Enterhealth Outpatient Center of Excellence ("Enterhealth") and its employees Jessica Hutchinson, PhD, LPC and Meredith Jessup, LMSW, LCDC.[2]

---

[1] SBDE Petition for Temporary Suspension.
[2] An initial hearing on the temporary license suspension was held before an administrative law judge of the Texas State Office of Administrative Hearings (SOAH).

Section 408 of the 1972 Drug Abuse Prevention Act, codified as 42 U.S.C. 290dd-2, requires that records of the identity, diagnosis, prognosis, or treatment of any patient maintained in connection with the performance of any drug abuse prevention function be confidential. The implementing regulations under 42 C.F.R. Part 2 further detail the requirements for obtaining proper consent for the disclosure of such records. John Doe was threatened with a report to the TSBDE of federally protected confidential information obtained from Enterhealth unless he signed the PRN's participation agreement to join their program. John Doe signed PRN's agreement under threat and duress which immediately nullified any such agreement under the law. When John Doe again made clear to the PRN that he didn't wish to be in their "voluntary" program. PRN then reported and reproduced, in violation of federal law, confidential information to the TSBDE. The TSBDE then used the confidential and illegal report from PRN to initiate a temporary suspension of John Doe's dental license.

In pursuing its temporary suspension of John Doe under Tex. Occ. Code § 263.004, the TSBDE could not demonstrate to the State Office of Administrative Hearings (SOAH) that the TSBDE was in legal possession of the information, evidence or testimony concerning the alleged substance use disorder patient treatment records of John Doe under federal law. Nor could the TSBDE demonstrate to SOAH that it had obtained a proper authorizing order from a court of competent jurisdiction and a legally enforceable subpoena required to obtain any alleged confidential and federally protected records and information in advance. SOAH properly excluded all improper information, evidence, witnesses and testimony offered by the TSBDE. After the initial SOAH hearing on the temporary suspension, the TSBDE's temporary suspension of John Doe's dental license was lifted.

The TSBDE dismissed its own administrative case against John Doe without prejudice just prior to commencement of the final hearing on the merits. The TSBDE would then go on to publish in full on its website its own temporary order and findings and its SOAH pleadings concerning John Doe as if it had successfully proven its case and had received a final order under the Texas Administrative Procedure Act when it absolutely did not. The SBDE's order made its own unproven findings of addiction and/or habitual intemperance "in the use of alcohol or drugs." The TSBDE ignored federal law, publicly identified John Doe and cited information obtained from alleged confidential documents.[3] The Plaintiff TSBDE now intends to illegally reproduce yet again, and present to this Court, the same illegally possessed and tainted information it tried to use in the administrative temporary suspension hearing as justification for a bypass order.[4] The SBDE lacks a valid legally recognized interest in the disclosure of alleged substance use disorder records of John Doe. Furthermore, the TSBDE cannot justify the harm they have already caused and continue to cause John Doe.

## DEFENDANT'S PRAYER FOR RELIEF

Based upon the foregoing, the Defendant John Doe, DDS respectfully prays that the Court deny the Texas State Board of Dental Examiners application and complaint in all respects and award Defendant all other relief the Court deems appropriate.

---

[3] The temporary Order remains on the SBDE's website as a disciplinary action despite the fact that the SBDE failed to prove its allegations and lost its temporary suspension case. The case on the merits was dismissed without prejudice.

[4] The TSBDE also brought this case in Travis County District court before an agreement was reached that federal court was the proper forum due to federal privacy requirements.

Respectfully submitted,

**THE LAW OFFICE OF FREAD HOUSTON, PLLC**

*/s/ Fread Houston*
FREAD HOUSTON
SBN#00798266
fread.houston@loofh.com
1005 Congress Ave., STE. 925
Austin, Texas 78701
T.(512) 855-7710
F.(512) 855- 7711
ATTORNEY FOR THE DEFENDANT
JOHN DOE, DDS

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendant's Original Answer in Cause No. 3:24-cv-00528-B was mailed, delivered, faxed or transferred electronically as indicated below on September 17, 2024.

| | |
|---|---|
| Helen Kelley<br>Assistant Attorney General<br>Texas State Bar No.24086520<br>Office of the Attorney General of Texas<br>Administrative Law Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>T. (512) 475-4136<br>F. (512) 320-0167<br>Helen.Kelley@oag.texas.gov<br>ATTORNEYS FOR PLAINTIFF | **VIA E-SERVICE:** |
| Rudy Beutenmuller, Attorney<br>rudybeutt@tcblawfirm.com<br>5335 Spring Valley Road<br>Dallas, Texas 75254-3009<br>T. (972) 991-2121<br>F. (972) 991-3220<br>ATTORNEY FOR ENTERHEALTH PROPERTIES, LLC | **VIA E-SERVICE:** |

>                */s/ Fread Houston*
>                FREAD HOUSTON