IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS STATE BOARD OF DENTAL EXAMINERS, Plaintiff, | § § § § | |
| v. | § § | No. 3:24-CV-0528-BW |
| JOHN DOE, DDS Defendant. | § § § | |

# **TRIAL SETTING ORDER**

This scheduling order will govern the trial of this case and all related deadlines:

1.  <u>Trial</u>. This case is specially set for a bench trial on **December 10, 2025, at 10:00 a.m.** before U.S. Magistrate Judge Brian McKay, 1100 Commerce Street, Courtroom 1566, Dallas, Texas. The trial date will not be postponed or continued except on written motion for good cause shown and in compliance with Northern District of Texas Local Civil Rule 40.1.

2.  <u>Pretrial conference</u>. A final pretrial conference will be held **December 10, 2025, at 9:00 a.m.** and conducted in accordance with Federal Rule of Civil Procedure 16(e). Trial counsel for all parties must attend the final pretrial conference. Counsel must be familiar with the case and authorized to state their respective clients' positions, make stipulations, and enter into agreements to facilitate the trial of this case.

3. <u>Pretrial materials</u>. A joint proposed pretrial order must be filed by **November 25, 2025** and simultaneously emailed in Word or WordPerfect format to the Court at McKay_Orders@txnd.uscourts.gov. The pretrial order must contain, in accordance with Federal Rule of Civil Procedure 26(a)(3)'s and Northern District of Texas Local Civil Rule 26.2's requirements as modified by the specific requirements set forth in this order, the following: (a) a list of all witnesses who will testify at trial; (b) a list of all exhibits that will be introduced into evidence at trial; (c) a list of all deposition excerpts that will be offered into evidence at trial; (d) a list of all motions in limine; (e) a report on the status of any settlement negotiations; and (f) all other items specified in Northern District of Texas Local Civil Rule 16.4. The Court will issue a final pretrial order, based on the parties' joint proposed pretrial order, following the final pretrial conference in accordance with Federal Rule of Civil Procedure 16(e). All counsel are responsible for preparing this joint proposed pretrial order, which must be signed (including through an electronic signature) by all counsel of record and by any party not represented by counsel. Anyone who fails to sign the order will be subject to sanctions. If an attorney or unrepresented party is unavailable for a signature, the unavailable attorney or unrepresented party may grant his or her permission for another attorney or unrepresented party to sign the order on his or her behalf (including through an electronic signature), as long as this permission is reflected on the order. Counsel for Plaintiff(s) is responsible for filing the order, but, if no plaintiff is represented by counsel, counsel for Defendant(s) must file the order. No additions or substitutions to the witnesses or exhibit lists may be

made after the pretrial materials are filed without the Court's leave, and, if any party desires to make additions or substitutions to these lists after they are filed, the party must seek leave to file an amended list that entirely supersedes the original list, rather than filing a supplemental list naming only the additions or substitutions. Please note that the provisions in this paragraph, in conjunction with the other provisions in this order, modify the requirements of Rules 26(a)(3)(A)(I)-(iii), Rule 26(a)(3)(B), Northern District of Texas Local Civil Rule 16.4, and Northern District of Texas Local Civil Rules 26.2(a)-(c).

4. <u>Motions in limine</u>.  Parties must not file motions in limine as a matter of course.  If filed, a party must file and serve on all parties any motion in limine no later than **November 25, 2025**.  Responses must be filed and served no later than **December 3, 2025**.  Replies to responses will not be permitted.  Motions in limine must include neither "standard" requests not tailored to a case-specific matter nor issues presented in an effort to obtain substantive rulings that should have been requested in advance of trial by appropriate motion.

5. <u>Exhibits</u>.  All exhibits (whether a document or other exhibit, including summaries of other evidence), other than those offered solely for impeachment, that a party intends to offer into evidence at trial must be marked with gummed labels or tags that identify them by the exhibit number under which they will be offered at trial and that clearly identifies the offering party.  Each party must exchange a complete set of all proposed and marked trial exhibits, other than those offered solely for impeachment, with all other parties no later than **November 19, 2025**.  Any

objection, together with the grounds for it, that may be made by another party to the admissibility of any listed exhibit must be served by the objecting party on every other party by **November 25, 2025**. A complete set of each party's proposed trial exhibits, other than those offered solely for impeachment, must be delivered to the Clerk's Office, to Judge McKay's attention, no later than **December 3, 2025**, in three-ring binders that are labeled with the style of the case, case number, and name of the party proposing to offer the exhibits; that include, before each exhibit, a tab reflecting the exhibit number; and that include a table of contents setting forth, in order, the number and a brief description of each exhibit in the binder.

Each party must file with the joint pretrial order an exhibit list that lists the documents or items in numbered sequence and that includes a chart with columns including the following information as to each exhibit: (a) the exhibit number; (b) a brief but specific description of the document or item; (c) a notation, if applicable, that the parties agree to the exhibit's admissibility; (d) if the exhibit's admissibility is subject to objection, the nature of any objection that will be made to the exhibit's admissibility and the identity of the party or parties urging the objection or objections; (e) a notation explaining whether the party expects to offer the exhibit and whether the party only may offer the exhibit if the need arises; and (f) separate columns for the Court, parties, and court reporter to note at trial if the exhibit is (I) identified, (ii) offered, and (iii) admitted. Each list must include a certification, signed by any unrepresented party and by counsel for each party other than the party offering the exhibits, stating: "I have reviewed the foregoing exhibit list. As to each

listed exhibit, the list correctly reflects my agreement to the exhibit's admissibility or my objections to its admissibility and the bases for those objections." The party proposing to offer an exhibit is responsible for coordinating all activities related to this certification's preparation and for securing this certification from all parties. No exhibit may be offered at trial unless this certification has been timely made as to that exhibit. The Court requires that all parties cooperate in ensuring that these certifications are prepared in a timely manner for filing with the exhibit lists. Any attorneys or parties who fail to comply with these guidelines or make themselves available to complete the required certifications will be subject to sanctions. Please note that the provisions in this section ("Exhibits") modify the requirements of Rule 26(a)(3)(A)(iii), Rule 26(a)(3)(B), Northern District of Texas Local Civil Rule 26.2(a), and Northern District of Texas Local Civil Rule 26.2(b). But, as provided in Rule 26(a)(3)(B), any objection not made as required by this paragraph is waived unless excused by the Court for good cause.

    Failure to list an exhibit and comply with the other requirements of this order as to a proposed exhibit will be grounds for excluding that exhibit, but this does not apply to unlisted exhibits presented for rebuttal, so long as the offering counsel or unrepresented party could not have reasonably anticipated the need for the evidence, or to exhibits offered solely for impeachment. These requirements likewise do not apply to demonstrative evidence that a party will use at trial but will not offer into evidence. Each party must provide or show any demonstrative exhibits—other than those created during trial based on the evidence or testimony that comes in at trial—

to all other parties no later than **December 3, 2025**, and any objections to these exhibits—other than those created during trial based on the evidence or testimony that comes in at trial—must be presented at the final pretrial conference.  Objections to demonstrative exhibits created during trial based on the evidence or testimony that comes in at trial must be raised at the time that the exhibit is sought to be introduced and used at trial.

At the close of evidence, the parties must meet to prepare an agreed index of all exhibits admitted into evidence during the course of the trial.  For each admitted exhibit, the index must contain the exhibit number, the offering party's name, the sponsoring witness's name, and a description of the exhibit.  The parties will deliver this index to Judge McKay's chambers as soon as possible following the close of evidence.

6. <u>Deposition excerpts</u>. Each party must exchange with every other party a complete list of all testimony that the party proposes to offer through deposition transcript, summary, or video recording no later than **November 19, 2025**.  Any objection, together with the grounds for it, that may be made by another party to a deposition designation by another party—as well as any requests for any other part of the witness's testimony "that in fairness ought to be considered at the same time," FED. R. EVID. 106—must be served by the objecting party on every other party by **November 25, 2025**.  The parties must reach agreement in advance of filing the joint pretrial order on any objections relating to testimony to be offered by deposition transcript, summary, or video recording as well as on any requests for additional

testimony under Rule 106's rule of optional completeness. But, if the parties cannot reach an agreement as to a particular deposition excerpt, the objecting (or requesting) parties must include a brief but specific statement of their objections or optional completeness request in the joint pretrial order, the party seeking to offer the deposition testimony at trial likewise must include a brief but specific response in the joint pretrial order, and the parties must include a complete copy of the deposition transcript at issue, preferably in a condensed version, as an exhibit to the joint pretrial order. The Court will address these objections and requests at the final pretrial conference so that a final list of all deposition excerpts that will be offered into evidence at trial can be included in the final pretrial order signed by the Court. Please note that the provisions in this section ("Deposition excerpts") modify the requirements of Rules 26(a)(3)(A)(ii) and 26(a)(3)(B) and Northern District of Texas Local Civil Rule 26.2(c). But, as provided in Rule 26(a)(3)(B), any objection not made to the use under Federal Rule of Civil Procedure 32(a) of a deposition designated by another party, as required by this paragraph, is waived unless excused by the Court for good cause.

     Failure to list a deposition excerpt and comply with the other requirements of this order as to a proposed deposition excerpt will be grounds for excluding that testimony, but this does not apply to unlisted deposition testimony presented for rebuttal, so long as the offering counsel or unrepresented party could not have reasonably anticipated the need for the testimony, or to deposition testimony offered solely for impeachment.

7. <u>Witnesses</u>. No later than **November 19, 2025**, each party must exchange with every other party a complete list of witnesses who may be called by the party, which list must (a) be divided into groups of (i) probable witnesses, (ii) possible witnesses, (iii) expert witnesses, and (iv) record custodians and (b) include (i) the name, address, and telephone number of each witness, (ii) a statement of whether the witness has been deposed, (iii) a brief narrative summary of the testimony to be covered by each witness, and (iv) a notation of whether each witness has been deposed in this case and, if so, the date(s) of the deposition(s).  Any objection, together with the grounds for it, that may be made by another party to a witness taking the stand to testify must be served by the objecting party on every other party by **November 25, 2025**.  In the final pretrial order, each party must include a list of witnesses who may be called by the party, which list must (a) be divided into groups of (i) probable witnesses, (ii) possible witnesses, (iii) expert witnesses, and (iv) record custodians and (b) include (i) the name, address, and telephone number of each witness, (ii) a statement of whether the witness has been deposed,(iii) a brief narrative summary of the testimony to be covered by each witness, and (iv) the grounds for any objection made to the witness's testifying and the offering party's response to any objection.  Failure to list a witness as required by this order will be grounds for excluding that witness's testimony, but this does not apply to unlisted witnesses presented for rebuttal, so long as the offering counsel or unrepresented party could not have reasonably anticipated the need for the testimony, or to testimony offered solely for impeachment. Please note that the

provisions in this paragraph modify the requirements of Rules 26(a)(3)(A)(I) and 26(a)(3)(B) and Northern District of Texas Local Civil Rule 26.2(b).

8. <u>Proposed findings of fact and conclusions of law</u>.  No later than **December 3, 2025**, each party must file with the clerk proposed findings of fact and conclusions of law and additionally must simultaneously email the proposed findings of fact and conclusions of law in Word or WordPerfect format to the Court at [McKay_Orders@txnd.uscourts.gov](mailto:McKay_Orders@txnd.uscourts.gov).  Note that his timing alters Northern District of Texas Local Civil Rule 52.1.  Each proposed conclusion of law must be accompanied by citation to relevant case law or authorities that set forth the elements of each claim or defense on which the party bears the burden of persuasion.  The Court advises the parties to rely, wherever possible, on binding authority.

9. <u>Other trial-related motions</u>.  Counsel must file and serve on all parties any trial-related motions other than motions in limine, no later than **November 25, 2025**.  Responses must be filed and served no later than **December 3, 2025**.  Replies to responses will not be permitted.

The failure to comply with any part of this order may result in the imposition of sanctions. *See* Fed. R. Civ. P. 16(f).

**SO ORDERED** on September 24, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE